**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-60694-CIV-ALTMAN/Hunt**

**MARIO GUERRA**,
*individually and on behalf of all others similarly situated,*

 Plaintiffs,
v.

**ISLACEL CORPORATION**,

 Defendant.
_____/

**ORDER**

 **THIS CAUSE** came before the Court upon a *sua sponte* review of the record. On May 9, 2019, the Court ordered [ECF No. 11] the parties to file a Joint Scheduling Report and Certificate of Interested Parties by May 21, 2019. The parties did not comply with this first order. On May 31, 2019, the Court extended the deadline for the parties to file a Joint Scheduling Report [ECF No. 12] to June 3, 2019—this time warning the parties that "[f]ailure to comply will result in appropriate sanctions, including dismissal without further notice." The extended deadline to file a Joint Scheduling Report has passed and, to date, the parties have not complied with this second order.

 Federal courts have an inherent authority to control and regulate their docket. *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995). That authority includes the power to sanction litigants, even by dismissing a case, for failing to abide by court orders. *See id.*; *see also Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). Accordingly, the Court hereby

 **ORDERS AND ADJUDGES** that the above-styled action is **DISMISSED without prejudice** for failure to comply with court orders. The Clerk of Court is directed to **CLOSE** this

CASE NO. 15-61130-CIV-ALTONAGA/O'Sullivan

case, and any pending motions are **DENIED as moot.**

      **DONE AND ORDERED** in Fort Lauderdale, Florida this 4th day of June, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record